IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>MITCHELL RYAN POND,<br><br>                  Defendant. | **CASE NO: 4:19CR3136**<br><br>**ORDER** |

Defendant has moved to suppress incriminating evidence seized during the search of an attic crawlway accessible from his duplex apartment. Defendant argues the attic crawlway search exceeded the scope of the warrant.

A defendant seeking to suppress evidence found during a search bears the burden of proving, as an initial matter, that he had a reasonable expectation of privacy in the area searched. Defendant's brief and motion do not address this issue, but they do acknowledge that the attic crawlway was shared by both the defendant and the occupant of the other duplex apartment, with both apartments having access to the shared attic. The undersigned magistrate judge therefore questions whether Defendant can prove a requisite reasonable expectation of privacy in the contents of the shared attic crawlway. See e.g., <u>United States v. Brooks</u>, 645 F.3d 971 (8th Cir. 2011); <u>United States v. McGrane</u>, 746 F.2d 632 (8th Cir. 1984).

Accordingly,

IT IS ORDERED:

2

      1)    On or before May 8, 2020, Defendant shall file a brief addressing whether Defendant's motion to suppress must be denied because Defendant lacked a reasonable expectation of privacy in the shared attic crawlway.

      2)    The government's briefing deadline on Defendant's motion to suppress is continued to ten (10) days after the defendant files his brief.

April 28, 2020

                                      BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge